UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:07-CR-0229-B |
| | § | |
| CARLOS JOEL DIAZ (06), | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Judgment of Acquittal And For Conditional Grant of a New Trial (doc. 304). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 304).

### I.

### BACKGROUND

On July 24, 2007, Defendant Carlos Joel Diaz ("Diaz") was named in an indictment charging violations of 21 U.S.C. §§ 846 and 841 for conspiracy to distribute and possession with the intent to distribute 100 kilograms or more of marijuana.[1] (Indictment 1.) Diaz stood trial for this offense on January 11-13, 2010. At the conclusion of trial, a jury found Diaz guilty of the offense charged. On January 19, 2010, Diaz filed the instant Motion for Judgment of Acquittal and For Conditional Grant of a New Trial. Having considered the parties' briefing and the relevant law, the Court now turns to the merits of its decision.

---

[1] The indictment also contained a related forfeiture allegation charge under 21 U.S.C. § 853(a). (Indictment 3.)

## II.

## LEGAL STANDARD

### A. Motions for Acquittal Under Federal Rule of Criminal Procedure 29

A motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998)(citing Fed. R. Crim. P. 29(a)). In assessing such a motion, the court must consider the evidence, all reasonable inferences drawn from the evidence, and all credibility determinations in the light most favorable to the Prosecution. *Id*. The Rule 29 standard does not require the evidence exclude every reasonable hypothesis of innocence. *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). Rather, a judgment should be affirmed "if a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997). Thus, the jury retains the sole authority to weigh any conflicting evidence and evaluate the credibility of witnesses. *Loe*, 262 F.3d at 432.

### B. Motions for New Trial Under Federal Rule of Criminal Procedure 33

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Whereas a Rule 29 motion turns on the *sufficiency* of the evidence, a motion under Rule 33 turns on whether the *weight* of the evidence supports the verdict. *See Tibbs v. Florida*, 457 U.S. 31, 42 (1982). The Court is granted broad discretion in making a determination based on the weight of the evidence. *United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997). Thus, in assessing a motion under Rule 33, a court may weigh the evidence and assess the credibility of witnesses. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). However, the Court's

discretion is limited, and a verdict cannot be set aside simply because another result would be more reasonable. *Robertson*, 110 F.3d at 1118. Rather "[t]he evidence must preponderate against the verdict such that it would be a miscarriage of justice to let the verdict stand." *Id.*

### III.

### ANALYSIS

Diaz moves the court for both a judgment of acquittal and a new trial. The Court will consider each issue in turn.

**A. Diaz's Motion for Judgment of Acquittal**

Diaz argues he is entitled to a judgment of acquittal because the Government failed to prove beyond a reasonable doubt all elements of the offense charged. (Def.'s Mot. For J. of Acquittal and For Conditional Grant of a New Trial 4-5.) Specifically, Diaz contends the government failed to show beyond a reasonable doubt that he acted as a knowing participant. (*Id.*)

The Government contends the evidence establishes all essential elements of the offense beyond a reasonable doubt. (Government's Consolidated Resp. To Diaz's Mot. For Acquittal and His Alternative Mot. For New Trial 3.) The Government points to the testimony of co-conspirator Harry Christopher Fernandez and the law enforcement officers as overwhelmingly establishing Diaz's guilt. (*Id.* at 4-6.)

Diaz was convicted by a jury of conspiracy to distribute and possession with the intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841. The essential elements of this offense are (1) that two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute or distribute marijuana; (2) that the defendant knew of the unlawful purpose of the agreement; (3) that the defendant joined in the agreement willfully,

that is, with the intent to further its unlawful purpose; and (4) that the overall scope of the conspiracy involved at least 100 kilograms or more of a mixture or substance containing a detectible amount of marijuana. *See* 21 U.S.C. §§ 846, 841. At trial, co-conspirator Harry Christopher Fernandez testified credibly regarding Diaz's role within the drug organization, as well as Diaz's knowing participation as a lookout on the night in question. Such testimony alone could sustain a guilty verdict. *See United States v. Hernandez*, 962 F.2d 1152, 1157 (5th Cir. 1992) ("The jury is entrusted with the responsibility of evaluating the witness's credibility, and uncorroborated testimony of a co-conspirator will sustain a guilty verdict unless . . . the testimony is incredible or otherwise insubstantial on its face.").[2] However, the Government also offered the testimony of law enforcement officers who observed Diaz seemingly operating as a lookout on the night in question. Considering such evidence cumulatively, the Court finds a rational trier of fact could have found such evidence established the essential elements of the offense beyond a reasonable doubt. Accordingly, to the extent Diaz's motion seeks a judgment of acquittal under Rule 29, the Motion is **DENIED**.

**B. Diaz's Motion for New Trial**

Diaz additionally contends the interest of justice requires a new trial under Rule 33. (Def.'s Mot. For J. of Acquittal and For Conditional Grant of a New Trial 6.) To support this contention, Diaz points to a number of "errors" that occurred during trial including: the limitations imposed by the Court on Diaz's counsel's ability to conduct voir dire upon the theory of the defense, the Court's prevention of Diaz's ability to inquire about statements made at the time of his arrest based on an

---

[2]The Court notes the co-conspirator's testimony was, in fact, corroborated in the instant case.

- 4 -

incorrect hearsay ruling, the Court's overruling of Diaz's objection to the Government's questioning of a witness which resulted in testimony violating the Court's order *in limine*, the Government's improper closing argument which improperly bolstered the testimony of Government witnesses, and the improper instructions given to the jury regarding the issue of knowing participation. (*Id.* at 6-7.) Diaz further argues that even if these errors individually do not warrant a new trial, their cumulative effect warrants such relief. (*Id.* at 7.) Finally, Diaz reasserts his arguments made as to the sufficiency of the evidence under Rule 29, claiming that under Rule 33's more lenient "weight of th evidence" standard such evidentiary issues preponderate heavily against the verdict. (*Id.* at 7-9.)

The Government counters that the errors alleged by Diaz are wholly devoid of merit. (Government's Consolidated Resp. To Diaz's Mot. For Acquittal and His Alternative Mot. For a New Trial 6.) Accordingly, the cumulative effect of such errors is similarly devoid of merit. (*Id.* at 6-7.) The Court agrees.

In looking at the "errors" identified by Diaz, the Court notes that the bulk of the items listed pertain to rulings of the Court made at trial. The Court finds no merit in Diaz's objections to these rulings and, as such, affirms its prior rulings on those matters for the reasons stated on the record at the time of the Defendant's objections. Additionally, the Court finds the Government did not engage in improper closing argument. Similarly, the Court finds the jury was properly charged as to the essential elements of the offense. In sum, the Court finds Diaz's arguments regarding such "errors" contain no merit. It, therefore, logically follows that such errors considered together contain no cumulative merit either. Finally, as the Court has previously discussed, the credible evidence in this case strongly supports Diaz's guilt of the offense charged. As such, the Court finds the interest of justice is served by allowing the jury's verdict to stand. To the extent Diaz moves the Court for

a new trial under Rule 33, the Motion is **DENIED**.

## IV.

## CONCLUSION

The Court finds the evidence presented at trial overwhelmingly supports the verdict reached by the jury. Accordingly, the Court finds Defendant's Motion for Judgment of Acquittal and For Conditional Grant of a New Trial should be and hereby is **DENIED** (doc. 304).

**SO ORDERED.**

**DATED** May 12, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE